UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **TATE & LYLE AMERICAS LLC et al.,**  **Plaintiffs,**  v.  **GLATT AIR TECHNIQUES INC.,**  **Defendant.** | Case No. 13-2037 |

### ORDER

This case is before the Court on the Motion to Stay Pending Disposition of Post-Trial Motions (#283) filed by Defendant Glatt Air Techniques Inc. ("GAT"). Plaintiffs Tate & Lyle Americas LLC ("Tate & Lyle") and American Guarantee & Liability Insurance Company ("American Guarantee") (collectively "Plaintiffs") filed a Response and Memorandum in Opposition to Defendant's Motion to Stay Pending Disposition of Post-Trial Motions (#288). For the reasons discussed below, Defendant's Motion to Stay Pending Disposition of Post-Trial Motions (#283) is GRANTED in part and DENIED in part.

A jury trial was held in this case in June 2016, and the jury found GAT liable for breach of contract and negligence as to both Plaintiffs, and products liability as to American Guarantee, but awarded damages only to American Guarantee in the amount of $853,254.00. The jury also found in favor of Tate & Lyle on GAT's counterclaim for breach of contract. American Guarantee agreed to not enforce the judgment until after Plaintiffs filed their post-judgment motions. (Defendant's Motion, #283, Exhibit A; Plaintiffs' Response, #285, p. 1.) On July 28, 2016, GAT filed the instant motion asking the court to enter an order granting a stay of the execution and enforcement of the judgment pending the disposition of the post-trial motions and any subsequent appeals.

Under Fed. R. Civ. P. 62(b),

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to

>enforce it—pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; (2) under Rule 52(b), to amend the findings or for additional findings; (3) under Rule 59, for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or order.

Both parties filed post-judgment motions in this case, under Rules 50 and 59. Pursuant to Rule 62(b), the Court finds that a stay is appropriate pending the resolution of these motions.

Fed. R. Civ. P. 62(d) governs stays pending an appeal and provides:

>If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

GAT has yet to file an appeal in this case, and its request for a stay pending appeal is therefore premature. While GAT's motion is denied as to its request for a stay pending appeal, GAT may seek leave to renew its motion once an appeal has been filed.

Plaintiffs request that GAT be required to post bond if a stay is granted for the post-judgment motions. The Seventh Circuit discussed two scenarios where a bond under Rule 62(d) would not be appropriate: "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and—the opposite case, one of increasing importance in an age of titanic damage judgments—where the requirement would put the defendant's other creditors in undue jeopardy." *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *see also Alford v. Aaron Rents, Inc.*, 2011 WL 3903825 (S.D. Ill. 2011)(applying the Seventh Circuit's analysis in *Olympia Equipment* to a bond under Rule 62(b)). In *Olympia Equipment*, the Seventh Circuit noted that there should be a "strong preference" for a partial bond. *Olympia Equipment*, 786 F.2d at 800. Even though GAT is likely able to pay the judgment, the bond is no "waste of money" under these circumstances. To secure a stay during the pendency of the post-trial motions, the Court orders GAT to post a bond in the amount of 10% of the Judgment,

equaling $85,325.40.[1] GAT may produce a cash payment or provide an acceptable surety bond document. The surety bond document must include the caption of the case, case number, surety amount, name of insurance company underwriting the bond, name and signature of attorney in fact for Surety Producer, and attorney's signature. The insurance company underwriting the bond must be on the Department of Treasury's Approved List.[2] The document must be also be accompanied by a valid Power of Attorney with the Surety Producer's name, signature of an officer of the company or attorney in fact, seal of the company, dollar amount with can be written and name and seal of a Notary Public.

Plaintiffs request that the bond include a 9% interest charge. 28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." If Plaintiffs prevail on the post-judgment motions and any appeal that is filed, they may seek interest pursuant to 28 U.S.C. § 1961 calculated in the manner and at the rate provided therein. At the post-trial motion stage, however, the Court sees no benefit to including interest on the partial bond.

For these reasons, GAT's Motion to Stay Pending Disposition of Post-Trial Motions (#283) is GRANTED in part and DENIED in part. Enforcement of the judgment is stayed through the conclusion of the pending post-judgment motions. GAT is required to post a bond in the amount of $85,325.40. The stay will take effect when the bond is approved by the Court.

ENTERED this 23rd day of August, 2016.

s/ERIC I. LONG  
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 62(b) provides that the Court may stay the execution of a judgment "[o]n appropriate terms for the opposing party's security." If the parties are able to reach an agreement as to a different mechanism for assuring Plaintiffs' security (for example, an irrevocable letter of credit in favor of Plaintiffs), the Court will reconsider the necessity of the 10% bond.

[2] Available at https://www.fiscal.treasury.gov/fsreports/ref/suretyBnd/c570_a-z.htm.